# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAKEVIEW LOAN SERVICING, LLC,

        Plaintiff,

vs.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

        Defendant.

Case No.: 2:16-cv-01648-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 62), filed by Plaintiff PHH Mortgage Corporation.[1] Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 64), and Plaintiff filed a Reply, (ECF No. 66). Also pending before the Court is SFR's Motion for Summary Judgment, (ECF No. 70). Plaintiff filed a Response, (ECF No. 76), and SFR filed a Reply, (ECF No. 77).

For the reasons discussed below, Plaintiff's Motion for Summary Judgment is **DENIED** and SFR's Motion for Summary Judgment is **GRANTED**.[2]

# I.    BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 8909 Topaz Springs Court, Las Vegas, Nevada 89149 (the "Property"). (Compl. ¶ 21, ECF No. 1). In 2008, Andrew E. Cato ("Cato") purchased the Property by way of a loan in the amount of $130,752.00 secured by a deed of trust ("DOT") recorded on December 30, 2008. (*Id.* ¶¶ 22–

---

[1] The initial plaintiff in this action, PHH Mortgage Corporation, moved to substitute Lakeview Loan Servicing, LLC in its place as the real party in interest. (Mot. to Substitute, ECF No. 55); (*see also* Order Granting Mot. to Substitute, ECF No. 63). For ease of presentation, the Court will refer to PHH Mortgage Corporation and Lakeview Loan Servicing, LLC interchangeably as "Plaintiff."

[2] On April 9, 2018, SFR filed a Countermotion for Relief Under Federal Rule of Procedure 56(d), (ECF No. 65). However, on June 6, 2018, SFR filed a Motion for Summary Judgment, (ECF No. 70). Because this Order denies Plaintiff's Motion for Summary Judgment and grants SFR's Motion for Summary Judgment, SFR's Countermotion for Relief Under Federal Rule of Procedure 56(d), is **DENIED as moot**.

23); (DOT, Ex. 2 to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 62-2). The loan and the DOT were guaranteed by the Department of Veteran's Affairs ("VA") via its VA Home Loan Guaranty program. (Compl. ¶ 24–25); (*see* Note, Ex. 4 to Pl.'s MSJ, ECF No. 62-4); (*see also* VA Guaranty Certificate, Ex. 5 to Pl.'s MSJ, ECF No. 62-5). Further, the DOT identifies USAA Federal Savings Bank ("USAA") as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee-beneficiary. (*See* DOT, Ex. 2 to Pl.'s MSJ); (Compl. ¶ 23).

Upon Cato's failure to stay current on payment obligations, Centennial Park HOA ("HOA"), through its agent Absolute Collection Services, LLC, recorded a Notice of Delinquent Assessment against the Property on August 1, 2011. (*See* Lien Notice, Ex. 6 to Pl.'s MSJ, ECF No. 62-6). On December 1, 2011, HOA recorded a Notice of Default and Election to Sell to satisfy the delinquent assessment lien. (*See* Default Notice, Ex. 7 to Pl.'s MSJ, ECF No. 62-7). A Notice of Trustee's Sale was recorded against the Property on March 23, 2012, and a non-judicial foreclosure occurred on July 17, 2012, through which SFR acquired its interest in the Property. (*See* Compl. ¶ 33); (Notice of Sale, Ex. 8 to Pl.'s MSJ, ECF No. 62-8). SFR recorded a foreclosure deed on July 19, 2012. (Compl. ¶ 35); (Foreclosure Deed, Ex. A-12 to SFR's MSJ, ECF No. 70-1). On April 12, 2013, MERS assigned the DOT to Plaintiff. (Assignment, Ex. 3 to Pl.'s MSJ, ECF No. 62-3).

On July 13, 2016, Plaintiff filed its Complaint containing claims against SFR for quiet title, declaratory relief, and unjust enrichment. (Compl. ¶¶ 45–84). SFR subsequently filed crossclaims and counterclaims against Plaintiff and Cato, respectively, for "declaratory relief/quiet title," and injunctive relief. (*See* Answer ¶¶ 38–51, ECF No. 15).

## II.     **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. <u>DISCUSSION</u>

Plaintiff moves for summary judgment on its quiet title and declaratory relief claims, asserting that the DOT survived because the foreclosure was conducted pursuant to a facially unconstitutional statute. (Pl.'s MSJ 4:16–6:15, ECF No. 62). Plaintiff further argues that the foreclosure sale cannot extinguish a loan guaranteed by the VA because federal law preempts NRS Chapter 116. (*Id.* 6:16–8:27). Furthermore, Plaintiff contends that SFR purchased a mere lien interest in the Property, thus title did not transfer to SFR. (*Id.* 9:1–26).

SFR seeks judgment in the form of a declaration that it is the title holder to the Property. (SFR's MSJ 2:23–3:1, ECF No. 70). SFR asserts that Plaintiff's quiet title claim is barred by the applicable statute of limitations and that, even if timely, it cannot survive because Plaintiff is without standing to bring the claim. (*Id.* 7:20–10:26, 14:15–16:16); (*see also* SFR's Resp.

3:20–7:19, ECF No. 64). SFR further argues that *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) has been superseded and has never been dispositive. (SFR's MSJ 11:1–13:2). Lastly, SFR argues that Plaintiff's unjust enrichment claim fails as a matter of law because Plaintiff does not have admissible evidence showing that a benefit was conferred and appreciated by SFR. (*Id.* 24:23–25:8). The Court will address the parties' arguments in turn.

**A. Constitutionality of NRS Chapter 116**

In *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's notice provisions violated lenders' due process rights because the scheme "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1159 (9th Cir. 2016). The Ninth Circuit, interpreting Nevada law, declined to embrace the appellant's argument that NRS 107.090, read into NRS 116.31168(1), mandates that HOAs provide notice to lenders even absent a request. *Id.* Accordingly, the absence of mandatory notice provisions rendered the statutory scheme facially unconstitutional. *Id.* at 1158–60.

*Bourne Valley*'s construction of Nevada law is "only binding in the absence of any subsequent indication from the [Nevada] courts that [the Ninth Circuit's] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983). "[W]here the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [a court] should consider itself bound by the later controlling authority . . . ." *Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003). "[A] [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982)

("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

In *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, the Nevada Supreme Court expressly declined to follow *Bourne Valley* and held that NRS 107.090 is incorporated into NRS 116.31168, thus requiring that HOAs "provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." 422 P.3d 1248, 1253 (Nev. 2018) (en banc). As this Court previously explained, the Nevada Supreme Court's holding is clearly irreconcilable with the Ninth Circuit's finding of unconstitutionality because the Ninth Circuit premised its conclusion on NRS Chapter 116's lack of mandatory notice provisions. *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *3 (D. Nev. Dec. 17, 2018). Because the Nevada Supreme Court has since interpreted NRS Chapter 116 as mandating notice, the rationale underlying the *Bourne Valley* decision no longer finds support under Nevada law. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (recognizing that cases are "clearly irreconcilable" where the "relevant court of last resort . . . undercut[s] the theory or reasoning underlying the prior circuit precedent."); *see, e.g*, *Toghill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017).

In sum, *Bourne Valley*'s holding that NRS Chapter 116 is facially unconstitutional is clearly irreconcilable with the Nevada Supreme Court's subsequent pronouncement. Because the Nevada Supreme Court has final say on the meaning of Nevada statutes, *Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions and, consequently, its finding of facial unconstitutionality. Accordingly, to the extent Plaintiff, in its instant Motion, seeks to prevail based upon *Bourne Valley*, the Court rejects this theory.[3]

---

[3] Because the Court decides that *Bourne Valley* is not applicable, the Court need not address SFR's argument regarding Plaintiff's Article III standing to make a due process challenge under NRS Chapter 116, or its argument that *Bourne Valley* has been superseded.

## B. VA Home Loan Guaranty

Plaintiff argues that enforcing NRS Chapter 116 against a property with a VA-guaranteed mortgage violates the Supremacy Clause under conflict preemption. (Pl.'s MSJ 6:16–8:27). Conflict preemption occurs where "there is an actual conflict between state and federal law" because "(1) compliance with both federal and state regulations is a physical impossibility, or . . . (2) state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Bank of Amer. v. City & Cnty. of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002) (quoting *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43 (1963); *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)) (citations omitted) (quotation marks omitted).

Here, Plaintiff argues that the purpose of the VA guaranty is to "enable veterans to obtain loans and to obtain them with the least risk of loss upon foreclosure, to both veteran and the [VA] as guarantor of the veteran's indebtedness . . . ." (Pl.'s MSJ 6:23–25) (quoting *United States v. Shimer*, 367 U.S. 374, 383 (1961)). Plaintiff further argues that NRS Chapter 116 frustrates that purpose because "subordination of the Deed of Trust in this instance would extinguish a federally guaranteed loan, thus wiping out [Cato's] protection from an overwhelming deficiency and substantially increasing the VA's risk of loss." (Pl.'s MSJ 8:21–25).

The VA requires lenders to take the steps necessary to protect their security interest. For example, the VA directs that "[w]hen a property is located in a condominium or planned unit development, *the lender* must ensure that any mandatory homeowner association assessment is subordinate to the VA-guaranteed mortgage."[4] As SFR points out in its

---

[4] U.S. Dep't of Veterans Affairs, Lenders Handbook, Ch. 16 § A at 2, Requirements Applicable to All Properties in Common Interest Communities, *available at* https://benefits.va.gov/WARMS/pam26_7.asp (last visited March 27, 2019) (emphasis added); *see, e.g.*, *id.* § A at 4; Ch. 13, Value Notices, Ex. 1 ("The lender is responsible for ensuring that title meets VA requirements for such property and that homeowner association assessments are subordinate to the VA-guaranteed mortgage.").

Response, Plaintiff fails to address how requiring a lender to ensure its priority or protect its priority interest in accordance with the VA's policies impedes the program's goals. (SFR's Resp. 7:5–7).

Courts in this District have addressed this issue in the context of the Department of Housing and Urban Development's Single Family Mortgage Insurance ("HUD's mortgage insurance program"). *See, e.g.*, *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174 (D. Nev. 2015); *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d 1141 (D. Nev. 2016). In *Freedom Mortgage* a lender similarly argued that NRS Chapter 116 was preempted by HUD's mortgage insurance program because "allowing NRS 116.3116(2) to extinguish its first trust deed 'would impede the purpose of [HUD's mortgage insurance program], to enable low-income borrowers to obtain loans with the least risk of loss upon foreclosure.'" *Freedom Mortg. Corp.*, 106 F. Supp. 3d at 1187 (citation omitted). But much like Plaintiff in the instant case, the lender in *Freedom Mortgage* "[did] not explain how requiring a lender to protect its collateral from an HOA foreclosure by satisfying unpaid HOA assessments would, in fact, impede the program's goals." *Id.* As the court reasoned in *Freedom Mortgage*, "[b]y choosing not to satisfy those obligations, prevent foreclosure, and preserve its collateral, [the lender] has only itself—not a conflict of laws—to blame for its loss." *Id.* at 1186. Indeed, Plaintiff controlled its ability to comply with both Nevada law and the VA Home Loan Guaranty program by ensuring that its deed of trust maintained superior status. Plaintiff has failed to demonstrate how NRS Chapter 116 is preempted by the VA Home Loan Guaranty program, and therefore its argument fails.

**C. SFR purchased a mere lien interest in the Property**

Plaintiff argues that the language in the foreclosure deed conveyed a "mere lien interest" to SFR and was not effective to transfer title to the property. (Pl.'s MSJ 9:1–26). Plaintiff cites the language in the foreclosure deed stating that the HOA hereby grants to SFR "all of its

rights, title and interest" in the Property. (*Id.* 9:10–12). This language does not demonstrate that SFR purchased a mere lien interest in the Property. By being the top bidder at the foreclosure sale, SFR obtained title to the Property. *See* NRS 116.31164(3)(a). As such, Plaintiff's argument is without merit.

### D. Statute of Limitations

According to SFR, Plaintiff's quiet title claim is time-barred because the Complaint was filed outside of the applicable three-year limitations period prescribed by NRS 11.190(3)(a). (SFR's MSJ 7:20–10:26, ECF No. 70). Plaintiff responds, asserting that under NRS 11.070, a five-year limitations period governs the claim. (Pl.'s Resp. 9:19–22, ECF No. 76).

Courts in this District apply either the four-year limitations period under NRS 11.220, or else the five-year period set forth in NRS 11.070 and 11.080 to a lienholder's quiet title claim. *See, e.g.*, *Bank of Am., N.A. v. Azure Manor/Rancho de Paz Homeowners Ass'n*, No. 2:16-cv-00764-GMN-GWF, 2019 WL 636973, at *3 (D. Nev. Feb. 14, 2019); *Wilmington Tr., Nat'l Ass'n v. Royal Highlands St. & Landscape Maint. Corp.*, No. 2:18-cv-00245-JAD-PAL, 2018 WL 2741044, at *2 (D. Nev. June 6, 2018); *see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank*, 388 P.3d 226, 232 (Nev. 2017); *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016).

Plaintiff's Complaint was filed less than four years after the July 17, 2012 foreclosure sale. (*See* Compl., ECF No. 1) (filed July 13, 2016); (*see also* Foreclosure Deed, Ex. A-12 to SFR's MSJ, ECF No. 70-1). Therefore, the quiet title claim is timely under any potentially applicable limitations period, whether it be NRS 11.220, 11.070, or 11.080.

The Court rejects SFR's argument that NRS 11.190(3)(a) controls. That statute provides a three-year limitations period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." *See* NRS 11.190(3)(a). Despite bringing the claim under, *inter alia*, 28 U.S.C. § 2201, and NRS 40.010, (*see* Compl. ¶ 46), Plaintiff's plea to quiet title does not

constitute liability created by statute. *See Torrealba v. Kesmetis*, 178 P.3d 716, 722 (Nev. 2008) ("The phrase 'liability created by statute' means a liability which would not exist but for the statute.") (quoting *Gonzalez v. Pac. Fruit Exp. Co.*, 99 F. Supp. 1012, 1015 (D. Nev. 1951)). Plaintiff seeks a declaration concerning the viability of its DOT by invoking the court's long-standing "inherent equitable powers" to settle title disputes. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1111 (Nev. 2016) (reaffirming that NRS 40.010 "essentially codified the court's existing equity jurisprudence") (citing *Clay v. Scheeline Banking & Tr. Co.*, 159 P. 1081, 1082 (Nev. 1916) ("[T]here is practically no difference in the nature of the action under our statute and as it exists independent of statute.")). Because actions to quiet title exist independent of statute under a court's inherent equitable jurisdiction, NRS 11.190(3)(a) does not apply.

### E. Plaintiff's Unjust Enrichment Claim

Plaintiff's unjust enrichment claim is based upon Plaintiff's alleged payments of taxes and hazard insurance on the Property following the HOA foreclosure sale. (*See* Compl. ¶¶ 80–84); (*see* Pl.'s Resp. 11:10–15, ECF No. 76). SFR seeks summary judgment on Plaintiff's unjust enrichment claim arguing that SFR has not accepted or retained any benefit that belongs to Plaintiff in equity. (SFR's MSJ 24:25–25:15). SFR further argues that this claim is barred by the voluntary payment doctrine because Plaintiff made payments without protest. (*Id.* 25:16–26:16). Plaintiff's only response is that, "[i]t would be both inequitable and unjust for SFR to retain the benefits conferred upon it by [Plaintiff] or its predecessors payment of property taxes and hazard insurance." (Pl.'s Resp. 11:12–15).

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortg. & Equity Tr. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981). To prevail on an unjust enrichment claim, a plaintiff must prove the following

three elements: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof. *Takiguchi v. MRI Intern., Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014).

Here, Plaintiff fails to point the Court to any evidence substantiating its claimed payments towards the Property. Therefore, Plaintiff cannot demonstrate the existence of a benefit bestowed upon SFR. *See JPMorgan Chase Bank, N.A.*, 200 F. Supp. 3d at 1177 ("[Plaintiff"] has produced no evidence of such payments; thus, it cannot establish the first element of its unjust enrichment claim[.]"); *see also Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *8 (D. Nev. Dec. 17, 2018). Accordingly, absent such evidence, Plaintiff's unjust enrichment claim cannot withstand SFR's Motion for Summary Judgment.

**F. SFR's Motion for Summary Judgment**

Given the lack of any genuine factual dispute as to Plaintiff's theories supporting its quiet title claim, summary judgment in SFR's favor is warranted against Plaintiff and Cato. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."). Finding no legal or equitable basis to invalidate the sale, SFR's purchase of the Property extinguished the DOT and any remaining interest Plaintiff or Cato possessed with respect to the Property. *See* NRS 116.3116(2); (*see also* Statutory Foreclosure Notices, ECF Nos. 62-6, 62-7, 62-8); (Foreclosure Deed, ECF No. 70-1). SFR's Motion for Summary Judgment on its declaratory relief claim against Plaintiff is granted. With respect to Cato,

SFR's request for declaratory relief is likewise granted to the extent Cato asserts any adverse interest in the Property.[5]

Finally, with respect to SFR's request for injunctive relief against Plaintiff and Cato pending this Court's determination of the parties' respective rights and interests as to the Property, (*see* Answer ¶¶ 46–51, ECF No. 15), the Court's grant of summary judgment in SFR's favor on its quiet title claim moots this cause of action, and it is therefore dismissed.[6]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 62), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 70), is **GRANTED**.

**IT IS FURTHER ORDERED** that SFR's Countermotion for Relief Under Federal Rule of Procedure 56(d), (ECF No. 65), is **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __28__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[5] As Cato has not appeared in this action, SFR moved for clerk's entry of default, (ECF No. 69), which the clerk of court subsequently entered on June 7, 2018, (ECF No. 71). However, this does not preclude the Court from granting SFR summary judgment. *See Rood v. Nelson*, No. 2:12-cv-00893-GMN-NJK, 2014 WL 4635585, at *6 (D. Nev. Sept. 15, 2014) ("Nothing in Federal Rule of Civil Procedure 56 appears to prevent a party from seeking summary judgment against a party in default.") (quoting *Am. S. Ins. Co. v. Hayslett*, No. 4:09–cv–1850, 2011 WL 3444219, at *2 (E.D. Mo. Aug. 8, 2011)).

[6] The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the instant motions.